**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| TRACEY WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:10-cv-218-LJM-TAB |
| | ) | |
| SHERIFF JOHN MARVEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted.** The assessment of even a partial filing fee does not appear feasible at this time.

2. Because plaintiff Wheeler is a "prisoner" as defined by 42 U.S.C. § 1915(h) the complaint has been screened as required by 28 U.S.C. § 1915A(b). That statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b), *see Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Legally insufficient claims include those which fail to state a claim upon which relief can be granted, and such claims are those which lack facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

3. Consistent with the standard identified in paragraph 2 of this Entry, the claim of excessive force against Jail Commander Myers in his individual capacity shall proceed, and all other claims are **dismissed**. The reasons for the dismissal of the claims found legally insufficient are the following:

a. Claims against Nurse Jane Doe #1 and Nurse Jane Doe #2 are **dismissed** because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed. R. Civ. P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

  b. Claims against the Vigo County Jail are dismissed because this defendant is a facility, not a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

  c. Claims against Sheriff John Marvel are **dismissed** because there is no allegation that Sheriff Marvel was personally involved in the alleged violation of the plaintiff's federally secured rights, and without such an allegation there could be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'").

  d. The claim against Jail Commander Myers relating to any alleged denial of adequate medical care associated with the use of force against the plaintiff alleged in the complaint is **dismissed** because there is no allegation that this defendant had any personal involvement in the alleged denial of adequate medical care.

  e. Any official capacity claim which might be thought to be asserted in the complaint is in all respects other than name against Vigo County. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Any such claim here is **dismissed**. Even if the complaint is understood as asserting a claim against Vigo County, and even acknowledging that Vigo County as a municipal entity is a person subject to suit under § 1983, *Monell,* 436 U.S. at 694; *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 514-15 (7th Cir. 2007), there is no allegation of a municipal policy or custom sufficient to impose such liability here. "A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.,* 506 F.3d at 514-15 (citing *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007)).

 4. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

 5. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on defendant Jail Commander Myers in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process in this case shall consist of the complaint, applicable forms and this Entry.

 6. The plaintiff's motion for service of process by the United States Marshals Service (dkt 5) is **denied as unnecessary.**

7.  The plaintiff's motion to appoint counsel (dkt 4) has also been considered, and is **denied.** Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). There is no constitutional right to an attorney in a civil proceeding. *Jackson v. Kotter,* 541 F.3d 688, 700 (7th Cir. 2008). Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *See Pruitt v. Mote,* 503 F.3d 647, 653, 655 (7th Cir. 2007) (en banc). At this point, and based on the plaintiff's comprehensible filings, his use of the court's processes, his access to writing materials and postage, the early development of the action, and the straightforward claim presented here, the plaintiff is competent to litigate on his own.

**IT IS SO ORDERED.**

Date: 03/09/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Tracey Wheeler
#140083
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Jail Commander Myers
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**