UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

TRACEY WHEELER, )
)
           Plaintiff, )
  v. ) 1:10-cv-218-TWP-TAB
)
JAIL COMMANDER MYERS, et al., )
)
           Defendants. )

## Entry Discussing Motion to Dismiss

Tracey Wheeler was formerly confined at the Vigo County Jail and in this action claims that while in the Jail his federally secured rights were violated. One such claim is that defendants Lewis and Dawson violated his Sixth Amendment right to counsel. These defendants have filed a motion to dismiss Wheeler's Sixth Amendment claim ("the motion to dismiss"). Wheeler has opposed the motion to dismiss.

Whereupon the court, having reviewed the pleadings, the motion to dismiss and the briefs pertaining to such motion, and being duly advised, now finds that the motion to dismiss [24] must be **granted.** This conclusion is based on the following facts and circumstances:

    1. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of any portion of a complaint for failure to state a claim upon which relief can be granted. Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). The motion to dismiss is based on Rule 12(b)(6) and the argument that Wheeler's Sixth Amendment claim of the denial of the right to counsel fails to state a claim upon which relief can be granted.

    a. When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

    b. "in practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atlantic Corporation v. Twombly,* 127 S. Ct. 1955, 1969 (2007)(internal citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

2. Wheeler makes the following factual allegations to support his claim of denial of right to counsel under the Sixth Amendment:

> Supporting Facts: Detective Denzil Lewis and Orbie Dawson were personally involved in their individual capacity of denying the Plaintiff his right to consult with counsel. While Detective Lewis and Orbie Dawson were serving the Plaintiff with a Baker's Warrant the Plaintiff seen that the warrant has incorrect information such as the birth date and the name of the person in which the detective was seeking to get DNA from. So the Plaintiff told Detectives Lewis and Orbie Dawson that he the Plaintiff would like to consult with counsel to make sure the warrant was legal due to the incorrect information. The plaintiffs request for an attorney was denied an the Plaintiffs DNA was taken physically by detective Denzil Lewis, Orbie Dawson and the Jail Commander Myers, without allowing the Plaintiff to consult with counsel.

*Third Amended Complaint*, p. 8. Lewis and Dawson argue that Wheeler had no Sixth Amendment right to counsel during the execution of the search warrant for DNA evidence.

3. Wheeler's claims are brought pursuant to 42 U.S.C. § 1983. Such a claim requires proof of the "deprivation of any right[ ], privilege[ ], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983. It is at this point that Wheeler's Sixth Amendment claim falters.

  a. "Once the adversary judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 129 S. Ct. 2079, 2085 (2009). "A critical stage is one where potential substantial prejudice to defendant's rights inheres in the . . . confrontation [of the accused by the prosecution] and where counsel's abilities can help avoid that prejudice." *U.S. v. Todd,* 424 F.3d 525, 530 (7th Cir. 2005) (quoting *United States v. O'Leary*, 856 F.2d 1011, 1014 (7th Cir. 1988) and citing *Coleman v. Alabama*, 399 U.S. 1, 9 (1970)).

  b. The taking of non-testimonial evidence, such as hair samples, photographs, semen samples, writing samples, and palm prints has been found to not be a critical stage of prosecution. *U.S. v. Dougall*, 919 F.2d 932 (5th Cir. 1990) (citing cases). In such cases, the taking of the non-testimonial evidence was not considered to be a critical stage of prosecution because it was not a "trial-like confrontation[ ] where the absence of counsel poses a threat of substantial prejudice to the accused." *U.S. v. Shlater*, 873 F. Supp.162, 167 (N.D.Ind. 1994)(*citing United States v. Hidalgo*, 7 F.3d 1566, 1570 (11th Cir. 1993)).

  c. It follows, therefore, that the collection of Wheeler's DNA was not a critical stage of the prosecution because it was not a trial-like confrontation where the absence of counsel posed a threat of substantial prejudice to Wheeler and because any flaws in the collection were curable by defense counsel at trial. See *U.S. v. Gallo-Moreno*, 584 F.3d 751, 762 (7th Cir. 2009) (discussing "critical stage" in the context of voice identification).

4. No action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992)(without a

predicate constitutional violation one cannot make out a prima facie case under § 1983). As explained above, there was no Sixth Amendment right to counsel during the taking of Wheeler's DNA in the absence of counsel. Accordingly, the motion to dismiss claims against defendents Denzil Lewis and Orbie Dawson is GRANTED.

No partial final judgment shall issue at this time as claims remain against the remaining defendant's.

02/15/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana